## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Jennifer Boykin**, *on behalf of herself and all others similarly situated*, | **Judge Joseph Dawson III** |
| **Plaintiff,** | **CASE NO. 4:22-cv-03940-JD** |
| **v.** | |
| **Choice Health Insurance LLC,** | |
| **Defendant.** | |

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into by and among the following Settling Parties (as defined below): Jennifer Boykin, individually and on behalf of all others similarly situated (collectively, "Plaintiff") and Choice Health Insurance LLC ("Choice Health Insurance" or "Defendant" and, together with Plaintiff, the "Parties" or "Settling Parties"). The Settlement Agreement is subject to Court approval and intended by the Settling Parties to resolve, discharge, and settle the Released Claims and this Litigation (as defined below), upon and subject to the terms and conditions set forth below.

### INTRODUCTION

This Settlement resolves a nationwide consumer class action brought by Plaintiff on behalf of herself and a purported class of similarly situated individuals.

### PROCEDURAL BACKGROUND

The case arises from the alleged compromise of personal identifying information ("PII" or "Private Information") as a result of a cybersecurity incident that Defendant's third-party

1

contractor experienced in or around May 2022 (the "Data Incident"). Plaintiffs and Class Members (as defined below) include current and former employees and/or customers of Defendant and its affiliated officials and agents, their dependents, and other individuals affiliated with Defendant whose Private Information was compromised in the Data Incident. In response to the Data Incident, Defendant sent a Notice Letter ("Notice Letter") in or around October 2022 to each impacted individual providing a description of the type of Private Information involved, which potentially included victims' full names, addresses, dates of birth, and Social Security numbers.

In response, the following class action was filed: *Boykin v. Choice Health Insurance LLC*, Case No. 4:22-cv-03940. Plaintiff originally filed her Class Action Complaint on November 9, 2022 in the United States District Court for the District of South Carolina. Plaintiff filed her First Amended Class Action Complaint on March 28, 2023. ECF No. 19.

Plaintiff alleged both individually and on behalf of a nationwide Class that, as a direct result of the Data Incident, Plaintiff and Class Members suffered numerous injuries and would likely suffer additional harm in the future. Plaintiff's claims for alleged damages and remedies included the following categories of harms: (i) invasion of privacy; (ii) the imminent, immediate, and continuing increased risk of harm from fraud and identity theft; (iii) the loss-of time and productivity incurred to mitigate the present risk and imminent threat of identity theft; (iv) actual identity theft and fraud resulting in additional economic and non-economic damages; (v) the present and substantially increased risk of out-of-pocket fraud losses; (vi) the present and substantially increased risk of being targeted for future phishing and data intrusion; (vii) potential out-of-pocket costs for protective measures to mitigate the present risk and imminent threat of identity theft; (viii) diminution of value of their PII; (ix) the loss of the benefit of the bargain; (x) anxiety and emotional distress; (xi) the retention of the reasonable value of the PII entrusted to

Defendant; and (xii) the present and continued risk to PII, which Plaintiffs contend remains on Defendant's network and pose an ongoing risk of harm.

Plaintiffs, individually and on behalf of other members of the proposed nationwide class, collectively asserted claims for: (i) negligence, (ii) violations of S.C. Code § 1-11-490 and S.C. Code § 39-1-90, (iii) breach of implied contract, (iv) breach of fiduciary duty.

## SETTLEMENT DISCUSSIONS

Recognizing the risk and expenses of prolonged litigation, the parties agreed to pursue informal discovery and mediation. After Defendant produced informal discovery regarding the scope and nature of the Data Incident, and following several pre-mediation meetings and negotiations, the parties participated in a mediation with renowned mediator Bennett S. Picker on February 3, 2023. While unable to reach an agreement that day, the parties resumed settlement negotiations in April 2023, and filed a Consent Motion to Stay and Notice of Settlement on April 27, 2023 (ECF No. 20). The agreed resolution and settlement is memorialized in this Settlement Agreement.

Pursuant to the terms identified below, this Settlement Agreement provides for the resolution of all claims and causes of action asserted, or that could have been asserted, against Defendant and the Released Persons (as defined below) relating to the Data Incident and this Litigation, by and on behalf of Plaintiff and Class Members.

## CONFIRMATORY DISCOVERY

Before entering into this Settlement Agreement, and in response to informal discovery requests for settlement purposes from Plaintiffs, Defendant produced informal discovery that addressed the estimated class size, and manner and mechanism of the Data Incident.

## PLAINTIFF'S CLAIMS AND BENEFITS OF SETTLING

Plaintiff and Class Counsel believe the claims asserted in the Litigation, as set forth in their Complaint against Defendant, have merit. Plaintiff and Class Counsel recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the Litigation against Defendant through motion practice, discovery, class certification, trial, and potential appeals. Plaintiff and Class Counsel have also considered the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation, especially in complex class actions. Interim Class Counsel are highly experienced in class action litigation and, in particular, data incident and privacy litigation, and have previously served as lead counsel in other data incident class actions through final approval. Plaintiff and Class Counsel have determined that the Settlement set forth in this Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Class Members.

## DENIAL OF WRONGDOING AND LIABILITY

Defendant denies each and all of the claims and contentions alleged in the Complaint. Defendant denies all charges of wrongdoing or liability as alleged, or which could be alleged. Defendant contends that it has maintained and continues to maintain reasonable security information practices. Nonetheless, Defendant has concluded that further conduct of litigation would be wasteful and expensive, and that it is desirable that this matter be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. Defendant has considered the uncertainty and risks inherent in any litigation and in this matter. Defendant has, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

# TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff, individually and on behalf of the Class Members, Class Counsel, as set forth in the signature block below, and Defendant that, subject to the approval of the Court, the Released Claims (as defined below) shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice as to the Settling Parties and the Class Members, upon and subject to the terms and conditions of this Settlement Agreement, as follows:

**1.    Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified below:

1.1    "Administration Fees" shall mean the fees, costs and other expenses incurred for Settlement Administration, as defined below.

1.2    "Agreement" or "Settlement Agreement" means this agreement.

1.3    "CAFA Notice" means a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. Sec. 1711, et seq. ("CAFA"), to be served upon the appropriate State official in each State where a Class Member resides and the appropriate federal official.

1.4    "Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.5    "Claim Form" means the form that will be used by Class Members to submit a Claim to the Settlement Administrator and that is substantially in the form as shown in **Exhibit A** to this Settlement Agreement.

1.6    "Claims Deadline" means the postmark and/or online submission deadline for Claims, which shall be 75 days after the Notice Date (as defined below).  The Claims Deadline shall clearly be set forth in the order granting Preliminary Approval of the Settlement, as well as in the Notice and on the Claim Form.

1.7    "Class" means all individuals to whom Choice Health sent notice of the Data Incident that occurred in May 2022. The Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this settlement (including any members of the Court's staff assigned to this case); (iii) Defendant's officers and directors, and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

1.8    "Class Counsel" or "Interim Class Counsel" means Philip J. Krzeski and Bryan L. Bleichner of Chestnut Cambronne PA; Terence R. Coates, Dylan J. Gould, and Jonathan T. Deters of Markovits, Stock, & DeMarco, LLC; Joseph M. Lyon of The Lyon Law Firm; and Glen Ohanesian of Ohanesian Law Offices.

1.9    "Class Member(s)" means any Person or Persons who falls within the definition of the Class.

1.10    "Court" means the Court of the Honorable Joseph Dawson, sitting in the United States District Court for the District of South Carolina.

1.11    "Data Incident" means the data security incident Defendant experienced in or around May 2022, that involved an unauthorized third-party accessing  network and computer systems controlled by a third-party contractor that held data on behalf of Defendant and potentially accessing the Private Information of Plaintiff and the Class Members.

1.12    "Dispute Resolution" means the process for resolving disputed Claims as set forth in this Agreement.

1.13    "Effective Date" shall mean the date when the Settlement Agreement becomes Final, which is 30 days after the Court's grant of the Final Approval Order assuming no appeals have been filed. If an appeal is filed, the Effective Date will be 30 days from when the appeal is decided and a Judgment is entered in this case.

1.14    "Escrow Account" means the account opened by the Settlement Administrator at Analytics, LLC.

1.15    "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the Court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorneys' fees award or service awards made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.16    "Final Approval Order' is the order through which the Court grants final approval of class action settlement and finds that this settlement is fair, reasonable, and adequate.

1.17    "Judgment" means a judgment rendered by the Court.

1.18    "Litigation" means this case, *Boykin v. Choice Health Insurance* LLC, Case No. 4:22-cv-03940, pending in the United States District Court for the District of South Carolina.

1.19    "Long Notice" means the long-form notice of settlement to be posted on the Settlement Website (as defined below), substantially in the form as shown in **Exhibit B** to this Settlement Agreement.

1.20    The "Notice Date" means 30 days after the entry of the Preliminary Approval Order, which is the date that Notice will be sent to Class Members.

1.21    "Objection Date" means the date by which Class Members must file with the Court through the Court's electronic case filing ("ECF") system and mail to Class Counsel and counsel for Defendant their objection to the Settlement for that objection to be effective.  The postmark date shall constitute evidence of the date of mailing for these purposes.  The Objection Date shall be 46 days after the Notice Date.

1.22    "Opt-Out Date" means the date by which Class Members must mail to the Settlement Administrator their requests to be excluded from the Class for that request to be effective.  The postmark date shall constitute evidence of the date of mailing for these purposes. The Opt-Out Date shall be 46 days after the Notice Date.

1.23    "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.24    "Plaintiff" and/or "Class Representative" mean Jennifer Boykin.

1.25    "Preliminary Approval Order" means the order preliminarily approving the Settlement Agreement and ordering that Notice be provided to the Class. The Settling Parties'

proposed form of Preliminary Approval Order is attached to this Settlement Agreement as **Exhibit C**.

1.26    "Released Claims" shall collectively mean any and all past, present, and future claims and causes of action related to the Data Incident, including, but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. § 45, *et seq.*, and all similar statutes in effect in any states in the United States as defined below; state consumer-protection statutes; negligence; negligence *per se*; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief or judgment, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Class Member against any of the Released Persons based on, relating to, concerning or arising out of the alleged Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation. Released Claims shall not include the right of any Class Member or any of the Released Persons to enforce the terms of the settlement contained in this

Settlement Agreement, and shall not include the claims of any Person who has timely excluded themselves from the Class.

1.27  "Related Entities" means Defendant's past or present parents, subsidiaries, divisions, and related or affiliated entities, each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers, includes, without limitation, any Person related to any such entity who is, was or could have been named as a defendant in any of the actions in the Litigation, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge, and includes any entity with whom Defendant contracted that, on behalf of Defendant, held data involved in the Data Incident who is, was or could have been named as a defendant in any of the actions in the Litigation.

1.28  "Released Persons" means Defendant and its Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers, and any entity with whom Defendant contracted that, on behalf of Defendant, held data involved in the Data Incident, who is, was or could have been named as a defendant in any of the actions in the Litigation.

1.29  "Remainder Funds" means any funds that remain in the Settlement Fund after payments from the Settlement Fund are paid for all Valid Claims (as defined below). The funds remaining in the Settlement Fund after payments for Valid Claims have been distributed and the time for cashing and/or depositing checks has expired will be Remainder Funds. The Remainder Funds will be distributed to the Settlement Class Members who submitted a Valid Claim (and if

paid by check, cashed their check) so long as it is feasible to do so, or else sent to one or more court-approved charitable organizations as a *cy pres* distribution. If a *cy pres* distribution is necessary, the Parties will jointly recommend the entity or entities to the Court that will be the recipients of the *cy pres* distribution.

1.30     "Service Award" shall have the meaning ascribed to it as set forth in ¶ 7.3 of this Settlement Agreement. The Service Awards requested in this matter will be $3,000 to the Class Representative, subject to court approval and will be in addition to any other Settlement benefits Plaintiff may receive. Any Service Award shall be paid through the Settlement Fund.

1.31     "Settlement Administration" means the processing and payment of claims received from Class Members by the Settlement Administrator.

1.32     "Settlement Administrator" means Analytics Consulting, LLC.

1.33     "Settlement Fund" means a non-reversionary common fund to be funded by Defendant in the amount of five hundred thousand dollars ($500,000.00) which shall be deposited into the Escrow Account.

1.34     "Settling Parties" means, collectively, Defendant and Plaintiff, individually and on behalf of the Class and all Released Persons.

1.35     "Short Notice" means the short notice of the proposed class action settlement, substantially in the form as shown in **Exhibit D** to this Settlement Agreement.  The Short Notice will direct recipients to the Settlement Website where recipients may view, *inter alia*, the Long Notice and make a claim for monetary relief.  The Short Notice will also inform Class Members, *inter alia*, of the Claims Deadline, the Opt-Out Date and Objection Date, and the date of the Final Fairness Hearing (as defined below).

1.36     "Settlement Website" shall be the URL www.choicehealthdatasettlement.com that the Settlement Administrator will establish and will contain detailed information about this Litigation.

1.37     "United States" as used in this Settlement Agreement means the United States of America and includes all of its States, the District of Columbia and all territories.

1.38     "Unknown Claims" means any of the Released Claims that any Class Member, including Plaintiff, does not know or suspect to exist in his/her favor at the time of the release of the Released Persons that, if known by him or her, might have affected his or her settlement with, and release of, the Released Persons, or might have affected his or her decision not to object to and/or to participate in this Settlement Agreement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Plaintiffs intend to and expressly shall have, and each of the other Class Members intend to and shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred to Class Members, including Plaintiff, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiff expressly shall have, and each other Class Member shall be deemed to have, and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims, including Unknown Claims.  The Settling Parties acknowledge, and Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.39   "Valid Claims" means Claims in an amount approved by the Settlement Administrator or found to be valid through the claims processing and/or Dispute Resolution process.

## 2.   Settlement Benefits

2.1   <u>Claimed Benefits</u>:  All Class Members shall have the opportunity to submit a Claim Form for certain claimed benefits. The claimed benefits, as described below, shall include: (a) Out-of-Pocket Losses and (b) Pro-Rata Cash Payments. Any Valid Claim may be combined with any other Valid Claim. The amount of claimed benefits received will be calculated in the following order: (1) Out of Pocket Losses and (2) Pro-Rata Cash Payment. In the unlikely event that the Settlement Fund is insufficient to cover all Out-of-Pocket Losses, such claims shall be reduced *pro rata* to account for the amount of remaining funds, and no additional monetary benefits shall be paid to any claimants.

2.2   <u>Out-of-Pocket Losses</u>: Every Settlement Class Member may submit a claim for up to $4,000 each for out-of-pocket expenses and losses, which are unreimbursed costs, expenditures, or losses incurred by a Settlement Class member that are fairly traceable to the Data Incident ("Out-of-Pocket Losses"). Out-of-Pocket Losses may include, without limitation, the following:

a.   unreimbursed costs, expenses, losses or charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of a Settlement Class Member's Social Security number;

b.   unreimbursed costs incurred on or after May 7, 2022 associated with accessing or freezing/unfreezing credit reports with any credit reporting agency;

c.   other unreimbursed miscellaneous expenses incurred related to any Out-of-Pocket Expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges;

d.   other mitigative costs fairly traceable to the Data Incident that were incurred on

13

or after May 7, 2022 through the date of the Settlement Class Member's claim submission; and

e. unpaid time off work to address issues fairly traceable to the Data Incident at the actual hourly rate of that Settlement Class Member.

Settlement Class Members who elect to submit a claim for reimbursement of Out-of-Pocket Losses must provide to the Claims Administrator information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) documentation reasonably supporting their claim; and (3) a brief description of the nature of the loss, if the nature of the loss is not apparent from the documentation alone. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member concerning the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to clarify or support other submitted documentation. Out-of-Pocket Losses will be deemed "fairly traceable" if: (1) the timing of the loss occurred on or after May 7, 2022, and (2) in the Claims Administrator's sole determination, the Out-of-Pocket Losses could reasonably be caused by the Data Incident. Claims for Out-of-Pocket Losses may be reduced *pro rata* if insufficient funds remain in the Settlement Fund after the payment of Attorneys' Fees and Expenses Award, any Service Award, and the Costs of Claims Administration.

2.3    *Pro Rata* Cash Payment: All Settlement Class Members may file a claim for a cash payment of $75.00. This benefit may be stacked with any claim for Out-of-Pocket Losses. However, the amount of this claim shall be *pro rata* increased or decreased based on the funds remaining in the Settlement Fund following the payment of Attorneys' Fees and Expenses Award, any Service Award, the Costs of Claims Administration, and claims for Out-of-Pocket Losses.

2.4    Claim Form Submission: Settlement Class Members submitting a claim for Out-of-Pocket Losses and/or a Pro Rata Cash Payment must complete and submit a Claim Form to the Claims Administrator, postmarked or submitted online on or before the Claims Deadline. A Claim Form being filed for an Out-of-Pocket Loss reimbursement must be verified by the Settlement

14

Class Member with a statement that his or her claim is true and correct, to the best of his or her knowledge and belief. Notarization is not required. Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.6.

      2.5   <u>Business Practices Changes & Confirmatory Discovery</u>. For a period of four (4) years following the Effective Date, Defendant agrees to maintain reasonable information security policies. The actual cost for the implementation and maintenance of these reasonable security policies will be paid by Defendant separate and apart from the Settlement Fund. The parties recognize that data security incidents may occur even when companies maintain reasonable information security policies; should Defendant experience a separate data security incident during this four-year period, the fact of that incident shall not constitute evidence that Defendant failed to maintain reasonable information security policies. Defendant has provided reasonable access to confidential confirmatory discovery regarding the number of Class Members broken down by category (*e.g.*, current employee, former employee, etc.) and state of residence, the facts and circumstances of the Data Incident and Defendant's response thereto, and the changes and improvements that have been made or are being made to protect Class Members' PII.

      2.6   <u>Dispute Resolution for Claims</u>.  The Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether: (1) the claimant is a Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to reasonably support the Out-of-Pocket Loss Claims or Lost Time Claims; (3) the information submitted could lead a reasonable person to conclude that it is more likely than not the claimant has suffered the claimed losses as a result of the Data Incident; and (4) the claimant timely submitted their Claim Form.  The Settlement Administrator may, at any time, request from the claimant, in writing, additional information that the Settlement

15

Administrator deems reasonably necessary to evaluate the claim, e.g., documentation requested on the Claim Form, information regarding the claimed losses, and claims previously made for identity theft and the resolution thereof.  For any such claims that the Settlement Administrator determines to be invalid, the Settlement Administrator will submit those claims to the Settling Parties, by and through their respective Counsel. If, upon meeting and conferring, the Settling Parties disagree as to the Claim validity, then the Claim shall be referred back to the Settlement Administrator for final determination on the Claim validity.

2.6.1    Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is facially valid, the Settlement Administrator shall request additional information and allow the claimant 14 days from the date of the request to cure the defect.  If the defect is not cured within the time allotted, then the claim will be deemed invalid.

2.6.2    Following timely receipt of additional information pursuant to a request by the Settlement Administrator under ¶ 2.6.1, the Settlement Administrator shall have 10 days to accept or reject the Claim.  If, after review of the Claim and all documentation submitted by the claimant, the Settlement Administrator determines that such a claim is valid, then the Claim shall be paid. If the Claim is not valid because the claimant has not provided the information requested by the Settlement Administrator, then the Settlement Administrator may reject the Claim without any further action.  A defect in one Claim shall not cause rejection of any other Valid Claim submitted by the claimant.

2.6.3    Class Members shall have 10 days from receipt of the approval of a Claim that provides a payment that deviates from the losses described on the Claim Form to accept or reject

the Claim. This provision does not apply where the Claim value deviates due to a *pro rata* increase or decrease.

2.7    <u>Settlement Expenses</u>. All costs for notice to the Class Members as required under ¶ 3.2, Administration Fees under ¶ 1.1 and the costs of Dispute Resolution described in ¶ 2.6, shall be paid out of the Settlement Fund.

2.8    <u>Class Certification</u>. The Settling Parties agree, for purposes of this settlement only, to the certification of the Class. If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or cancelled pursuant to the terms of the Settlement Agreement, this Settlement Agreement and the certification of the Class provided for herein will be vacated and the Litigation shall proceed as though the Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

## 3.    Order of Preliminary Approval and Publishing of Notice of Final Fairness Hearing

3.1    As soon as practicable after the execution of the Settlement Agreement, Proposed Class Counsel shall jointly submit this Settlement Agreement to the Court, and Class Counsel will file a motion for preliminary approval of the settlement with the Court requesting entry of a Preliminary Approval Order in the form substantially similar to **Exhibit C** in both terms and cost, requesting, *inter alia:*

      a)  certification of the Class for settlement purposes only pursuant to ¶ 2.8;

      b)  preliminary approval of the Settlement Agreement as set forth herein;

      c)  appointment of Proposed Class Counsel as Class Counsel;

d) appointment of Plaintiff as Class Representative;

e) approval of the Short Notice to be emailed or mailed to Class Members in a form substantially similar to the one attached as **Exhibit D** to this Settlement Agreement;

f) approval of the Long Notice to be posted on the Settlement Website in a form substantially similar to the one attached as **Exhibit B** to this Settlement Agreement, which, together with the Short Notice, shall include a fair summary of the Parties' respective litigation positions, statements that the settlement and notice of settlement are legitimate and that the Class Members are entitled to benefits under the settlement, the general terms of the settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the settlement, instructions for how to obtain the Settlement Benefits, the process and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Fairness Hearing;

g) approval of a Claim Form to be used by Class Members to make a claim in a form substantially similar to the one attached as **Exhibit A** to this Settlement Agreement; and

h) appointment of Analytics Consulting, LLC as the Settlement Administrator.

The Short Notice, Long Notice, and Claim Form have been reviewed and approved by the Settlement Administrator but may be revised as agreed upon by the Settling Parties before submission to the Court for approval. Immaterial revisions to these documents may also be made prior to dissemination of notice. Any changes to the Preliminary Approval Order, Short Notice,

Long Notice, and Claim Form that do not materially affect the substance of the Settlement Agreement that the Court may require will not invalidate this Settlement Agreement.

       3.2      Costs for providing notice to the Class in accordance with the Preliminary Approval Order, and the costs of such notice, together with the Administration Fees shall be paid from the Settlement Fund. Attorneys' fees, costs, and expenses of Proposed Class Counsel, and any Service Award to the Class Representative, as approved by the Court, shall also be paid from the Settlement Fund. Notice shall be provided to Class Members by the Settlement Administrator as follows:

     a)    *Class Member Information*: No later than 14 days after entry of the Preliminary Approval Order, Defendant shall provide the Settlement Administrator with the name, last known physical address, and email of each Class Member (collectively, "Class Member Information") that Defendant possesses.

     b)    Class Member Information and its contents shall be used by the Settlement Administrator solely for the purpose of performing its obligations pursuant to this Agreement and shall not be used for any other purpose at any time. Except to administer the settlement as provided in this Settlement Agreement, or provide all data and information in its possession to the Settling Parties upon request, the Settlement Administrator shall not reproduce, copy, store, or distribute in any form, electronic or otherwise, the Class Member Information.

     c)    *Settlement Website*: Within 14 days of the Preliminary Approval Order, the Settlement Administrator shall establish the Settlement Website

(www.Choicehealthdatasettlement.com) that will inform Class Members of the terms of this Settlement Agreement, their rights, dates and deadlines and related information ("Settlement Website"). The Settlement Website shall include, in .pdf format and available for download, the following: (i) the Long Notice; (ii) the Claim Form; (iii) the Preliminary Approval Order; (iv) this Settlement Agreement; and (v) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide Class Members with the ability to complete and submit the Claim Form electronically, and shall have a "Contact Us" page whereby Class Members can send an email with any additional questions to a dedicated email address and send hardcopy documents to a designated Post Office box established by the Settlement Administrator.

d) *Short Notice:* 14 days after the entry of the Preliminary Approval Order ("Notice Date"), and subject to the requirements of this Settlement Agreement and the Preliminary Approval Order, the Settlement Administrator shall post the Short Notice to the Settlement Website. By the Notice Date, the Settlement Administrator shall begin to provide notice to the Class through the following means:

    i. via Class Member email to any email address Defendant provides to the Settlement Administrator;

    ii. in the event that an email bounces or the is otherwise undeliverable:

- approximately 24 to 72 hours after attempting to send the first email notice (to allow any temporary block at the ISP level to expire), the Settlement Administrator will send a second round of email notices to any email addresses deemed not to have received the first email notice due to a bounce or other undeliverable notice;

- after the second email notice, the Settlement Administrator will conduct an email change of address search for any email address deemed not to have received either the first or second email notice. The Settlement Administrator will then send an email notice to any email address updated via this process.

iii. Each Class Member shall also receive notice via U.S. Mail to the Class Member's postal address that Defendant provided to the Settlement Administrator. Before any mailing under this paragraph occurs, the Settlement Administrator shall run the postal addresses of Class Members through the United States Postal Service ("USPS") National Change of Address database to update any change of address on file with the USPS;

iv. in the event that a Short Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, and the envelope contains a forwarding address, the

Settlement Administrator shall re-send the Short Notice to the forwarding address if the Short Notice is returned as undeliverable;

v. in the event that subsequent to the first mailing of a Short Notice, and at least 14 days prior to the Opt-Out Date and Objection Date, a Short Notice is returned to the Settlement Administrator by the USPS because the address of the recipient is no longer valid, i.e., the envelope is marked "Return to Sender" and does not contain a new forwarding address, the Settlement Administrator shall perform a standard skip trace, in the manner that the Settlement Administrator customarily performs skip traces, in an effort to attempt to ascertain the Class Member's current address and, if such an address is ascertained, the Settlement Administrator will re-send the Short Notice within 7 days of receiving such information. This shall be the final requirement for mailing.

e) Publishing, within 14 days of the Preliminary Approval Order, the Claim Form, Long Notice and this Settlement Agreement on the Settlement Website, as specified in the Preliminary Approval Order, and maintaining and updating the website throughout the claim period;

f) A toll-free help line with an IVR system and a live operator option shall be made available to provide Class Members with additional information about the settlement. The Settlement Administrator also will provide copies of the Long Notice and paper Claim Form, as well as this Settlement Agreement, upon request;

22

g) 76 days after an Order Granting Preliminary Approval, the Settlement Administrator shall email a Reminder Notice to all Class Members for whom the Settlement Administrator has a valid email address; and

h) Contemporaneously with seeking Final Approval of the Settlement, Class Counsel and Defendant shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with these provisions regarding notice.

3.3    The Short Notice, Long Notice, and other applicable communications to the Class may be adjusted by the Settlement Administrator in consultation and agreement with the Settling Parties as may be reasonable and not inconsistent with such approval.  The Notice Program shall commence within 30 days after entry of the Preliminary Approval Order and shall be completed within 44 days after entry of the Preliminary Approval Order.

3.4    Proposed Class Counsel and Defendant's counsel shall request that after notice is completed the Court hold a hearing (the "Final Fairness Hearing") and grant final approval of the settlement set forth herein, and request that the Final Fairness Hearing occur on a date that is convenient for the Court and is at least 135 days after the entry of the Preliminary Approval Order.

3.5    Defendant will also cause the Settlement Administrator to provide (at Defendant's expense) notice to the relevant state and federal governmental officials as required by the Class Action Fairness Act.

**4.    Opt-Out Procedures**

4.1    Each Person wishing to opt-out of the Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement

Administrator.  The written notice must clearly manifest the Person's intent to opt-out of the Class.  To be effective, written notice must be postmarked no later than the Opt-Out Date.

4.2    All Persons who submit valid and timely notices of their intent to opt-out of the Class (hereinafter, "Opt-Outs") shall not receive any benefits of and shall not be bound by the terms of this Settlement Agreement.  All Persons falling within the definition of the Class who do not opt-out of the Class in the manner set forth in this Agreement shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

## 5.    Objection Procedures

5.1    Each Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of their objection by the Objection Date.  Such notice shall state: (i) the objector's full name and address; (ii) the case name and docket number, *Boykin v. Choice Health Insurance LLC*, No. 4:22-cv-03940 (D.S.C.); (iii) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes they are a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or their counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.  To be timely, written notice of an objection in the appropriate form must be mailed, with a postmark date no later than the Objection Date, to Philip J. Krzeski and Chestnut Cambronne PA, as Class Counsel; and Lindsay Harrison and Jenner & Block, LLP, as counsel for Defendant.  The

objector or their counsel shall also file any Objection with the Court through the Court's ECF system or submitting them to the Clerk of Court. For all objections mailed to Class Counsel and counsel for Defendant, Class Counsel will file them with the Court with the Motion for Final Approval of the Settlement, unless the Objection(s) were previously filed on the docket.

5.2    Any Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights they may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of this Settlement Agreement. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

**6.    Release**

6.1    Upon the Effective Date, each Class Member who did not opt-out of the settlement, including Plaintiff, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims as against all Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, each Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims is asserted. Any other claims or defenses Plaintiff and each and all of the Class Members may have against Defendant that are not based upon or do not arise out of the institution, prosecution,

assertion, settlement, or resolution of the Data Incident, the Litigation, or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

### 7. Plaintiffs' Counsel's Attorneys' Fees, Costs, and Expenses; Service Awards to Plaintiff

7.1     The Settling Parties did not discuss the payment of Attorneys' Fees, Costs, and Expenses and/or Service Awards to Plaintiff, until after the substantive terms of the settlement had been agreed upon, other than that reasonable Attorneys' Fees, Costs, and Expenses and Service Award to Plaintiff as may be agreed to by Defendant and Class Counsel and as ordered by the Court shall be paid from the Settlement Fund.

7.2     Class Counsel shall file a Motion for Attorneys' Fees, Reimbursement of Litigation Costs and Expenses, and Class Representative Service Award within 60 days of an Order Granting Preliminary Approval. Defendant agrees not to challenge a petition for an award of attorneys' fees at or below one-third (1/3) of the Settlement Fund, or approximately $166,666.67, and litigation expenses to be determined at final approval. Any attorneys' fees, costs, expenses, or service awards shall be paid to Class Counsel within 12 days from the Effective Date. Class Counsel, in their sole discretion, shall allocate and distribute any amounts of attorneys' fees, costs, and expenses awarded by the Court among Class Counsel.

7.3     Subject to Court approval, Plaintiff intends to request, and Defendant agrees not to challenge, a Service Award in the amount of up to $3,000.00 for the Plaintiff as a result of Plaintiff's time and efforts expended on behalf of the Class.

7.4     No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any Attorneys' Fees, Costs, and Expenses and/or Service Awards ordered by the Court to Class Counsel or Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

## 8.    Settlement Fund

8.1    <u>Deposits</u>.  Defendant agrees to make a payment of, and deposit that payment into, the Settlement Fund as follows: Defendant shall pay the full balance of the Settlement Fund into the Escrow Account within 15 days after the Court's entry of the Preliminary Approval Order. Settlement Administrator shall use this balance to pay for Costs of Settlement Administration. For the avoidance of doubt, and for purposes of this Settlement Agreement only, Defendant's liability shall not exceed $500,000.00.

8.2    <u>Custody of the Settlement Fund</u>.  The Settlement Fund shall be deposited into an appropriate trust established by the Settlement Administrator but shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to the Settlement Agreement or returned to those who paid the Settlement Fund in the event this Settlement Agreement is voided, terminated, or cancelled.

8.3    <u>Treasury Regulations and Fund Investment</u>. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund ("QSF") within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any taxes owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC") at a financial institution determined by the Settlement Administrator and approved by the Parties.  Funds may be placed in

a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

8.4    Taxes.  All taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered an Administrative Expense, and shall be timely paid by the Settlement Administrator without prior order of the Court.  Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for taxes (including, without limitation, taxes payable by reason of any such indemnification payments).  The Parties and their respective counsel have made no representation or warranty with respect to any tax treatment by any Class Representative or any Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, they, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

**9.      Administration of Claims**

9.1    The Settlement Administrator shall administer and calculate the Claims submitted by Class Members.  Class Counsel and Defendant shall be given reports as to both claims and distribution, and have the right to review and obtain supporting documentation and challenge such reports if they believe them to be inaccurate or inadequate.  The Settlement Administrator's determination of whether a Claim is a Valid Claim shall be binding, subject to the Dispute Resolution process.

9.2    Payment of Valid Claims shall be made within 30 days of the Effective Date. Class Members may elect to receive settlement benefits via check or electronic payment.

9.3     All Class Members who fail to timely submit a Valid Claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

9.4     No Person shall have any claim against the Settlement Administrator, Defendant, Class Counsel, Plaintiffs, and/or Defendant's counsel based on distributions of benefits to Class Members.

**10.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

10.1    The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a)      the Court has entered the Judgment granting final approval to the settlement and certification of the Class as set forth herein; and

b)      the Judgment has become Final, as defined in ¶ 1.15.

10.2    If all conditions specified in ¶ 1.15 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated unless Class Counsel and Defendant's counsel mutually agree in writing to proceed with the Settlement Agreement.

10.3    Within 21 days after the Opt-Out Date, the Settlement Administrator shall furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

10.4    In the event that the Settlement Agreement including the releases are not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation

and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Settling Party or Settling Party's counsel, and (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of Attorneys' Fees, Costs, and Expenses and/or Service Awards shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, Defendant shall be obligated to pay amounts already billed or incurred for costs of notice to the Class, Settlement Administration, and Dispute Resolution and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

### 11.     Miscellaneous Provisions

11.1     The Settling Parties (i) acknowledge that it is their intent to consummate this Agreement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement, and to exercise their best efforts to accomplish the terms and conditions of this Settlement Agreement.

11.2     In the event that the aggregated amount of payments of all Valid Claims (i.e., Out-of-Pocket Loss Claims and *Pro Rata* Cash Payment Claims) exceeds the total amount of the Settlement Fund, then the value of the payments to be paid to each Class Member making a Valid Claim shall be reduced on a *pro rata* basis, such that the aggregate value of all payments for all claims does not exceed the Settlement Fund (after payment of all Settlement Administration Costs

and Expenses, Attorneys' Fees, Expenses, and Service Awards). All *pro rata* reduction determinations shall be made by the Settlement Administrator.

11.3    The Settling Parties intend this settlement to be a final and complete resolution of all claims and disputes between them, as well as the Releasing Parties, with respect to the Data Incident and this Litigation. The settlement compromises claims, including but not limited to all Released Claims, that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties, and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that no Party shall have any liability to any other Party as it relates to the Litigation, except as set forth herein.

11.4    Neither the Settlement Agreement, nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of res

judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.5     The Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

11.6     The exhibits to this Settlement Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

11.7     This Settlement Agreement, including all exhibits hereto, contains the entire understanding between Defendant and Plaintiff, individually and on behalf of the Class and all Released Entities, regarding the payment of the Litigation settlement and supersedes all previous negotiations, agreements, commitments, understandings, and writings between the Parties in connection with the payment of the Litigation settlement.  Except as otherwise provided herein, each party shall bear its own costs.  This Settlement Agreement supersedes all previous agreements made between the Parties.

11.8     Class Counsel, on behalf of the Class, and Defendant's counsel, on behalf of Defendant, are expressly authorized to take all appropriate actions required or permitted to be taken by the Parties pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Parties which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Parties.

11.9     Each counsel or other Person executing the Settlement Agreement on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

11.10    The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

11.11    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

11.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement. The Court shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice and the Settlement Administrator.  As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

11.13    As used herein, "he" means "he, she, they, or it;" "his" means "his, hers, theirs, or its," and "him" means "him, her, them, or it."

11.14    The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of South Carolina, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of South Carolina.

11.15    All dollar amounts are in United States dollars (USD).

11.16    If a Class Member opts to receive settlement benefits via mailed check, cashing the settlement check is a condition precedent to any Class Member's right to receive settlement benefits.  All settlement checks shall be void 90 days after issuance and shall bear the language: "This check must be cashed within 90 days, after which time it is void."  If a check becomes void, the Class Member shall have until six months after the Effective Date to request re-issuance.  If no request for re-issuance is made within this period, the Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Class Member's right to receive monetary relief shall be extinguished, and there shall be no obligation to make payments to the Class Member for expense reimbursement or any other type of monetary relief.  The same provisions shall apply to any re-issued check.  For any checks that are issued or re-issued for any reason more than 180 days after the Effective Date, requests for re-issuance need not be honored after such checks become void.

11.17    The Settlement Website shall be deactivated 180 days after the Effective Date.

11.18    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

By: _____        Date: _____
Dinesh Tulsiani
Chief Strategy Officer
Choice Health Insurance LLC

By: _____        Date: _____
Lindsay Harrison
Jenner & Block, LLP

*Counsel for Defendant*

By: _____        Date: __9/18/2023__
Jennifer Boykin
Plaintiff

By: _____        Date: __9/18/2023__
Philip J. Krzeski
Chestnut Cambronne PA

By: _____        Date: __9/18/2023__
Dylan J. Gould
Markovits, Stock & DeMarco, LLC

*Proposed Class Counsel*

### SETTLEMENT TIMELINE

| **From Order Granting Preliminary Approval** | |
| --- | --- |
| Defendant provides list of Class Members to the Settlement Administrator | +14 days |
| Long and Short Notices Posted on the Settlement Website | +14 days |
| Defendant pays cost of Notice Program and Claims Administration | +15 days |
| Notice Date | +30 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Costs and Expenses, and Class Representative Service Awards | +60 days |
| Objection Date | +76 days |
| Opt-Out Date | +76 days |
| Reminder Notice | +76 days |
| Claims Deadline | +90 |
| Settlement Administrator Provide List of Objections/Opt-Outs to the Parties' counsel | +97 days |
| | |
| **Final Approval Hearing** | +135 (at minimum) from Order Granting Preliminary Approval |
| Motion for Final Approval | -30 days before Final Approval Hearing |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +30 days, assuming no appeal has been filed |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards from Settlement Fund | +42 days, assuming no appeals |
| Payment of Claims to Class Members from Settlement Fund | +60 days, assuming no appeals |

# Exhibit A

DocuSign Envelope ID: 840ECE56-5E70-409F-946E-7E20E3F98E24

4:22-cv-03940-JD    Date Filed 09/18/23    Entry Number 26-1    Page 38 of 68

*Boykin v. Choice Health Insurance, LLC*, **Case No. 4:22-cv-03940-JD (D.S.C.)**

### SETTLEMENT CLAIM FORM

TO BE VALID, THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED ONLINE AT
*ChoiceHealthDataSettlement.com* NO LATER THAN <mark><<CLAIM DEADLINE>></mark>.

*ATTENTION: This Claim Form is to be used to apply for relief related to the Data Incident that Choice Health Insurance, LLC discovered in May 2022 and publicly announced in October 2022, which potentially affected all individuals to whom Choice Health sent notice. There are two types of benefits for which Class Members are eligible: (1) a cash payment of approximately $75, and (2) reimbursement of out-of-pocket losses or expenses that are reasonably traceable to the Data Incident, up to a maximum of $4,000.*

*To submit a Claim, you must have been identified as an individual whose Private Information was maintained on the Choice Health database that was compromised during the Data Incident and received Notice of this Settlement with a Unique ID.*

**Please review this entire Claim Form. Failure to submit required documentation, or to complete all necessary parts of the Claim Form, may result in denial of the Claim, delay its processing, or otherwise adversely affect the Claim.**

*ASSISTANCE: If you have questions, please visit the Settlement Website at ChoiceHealthDataSettlement.com or call <mark>*<<Settlement Toll Free Phone Number>>*</mark>.*

### REGISTRATION

First Name:                                                    MI:    Last Name:

Mailing Address:

City:                                                          State:      Zip Code:

Telephone Number:

☐☐☐ – ☐☐☐ – ☐☐☐☐

Email Address:

**Please provide the Unique ID identified on the Notice that was sent to you:**

*XXXXX*                              *CF*

*XXXXXXXXXXXXX*

DocuSign Envelope ID: 840ECE56-5E70-409F-946E-7E20E3F98E24    6:22-cv-03940-JD    Date Filed 09/18/23    Entry Number 26-1    Page 39 of 68

Unique ID: XXXXXXXXXXXXX



*Instructions. Please follow the instructions below and answer the questions as instructed.*

## CASH PAYMENT

**Would you like to receive a cash payment under the Settlement?** (select one)

Yes          No

*** The Parties estimate that payments under this option will be approximately $75. However, the value of payments under this option will be increased or decreased pro rata based on the balance of the Settlement Fund after the payment of other benefits, fees, and expenses. You do not need to suffer out-of-pocket losses or expenses to receive this payment.**

## OUT-OF-POCKET LOSSES

The Settlement also provides reimbursement for out-of-pocket losses or expenses incurred on or after May 7, 2022 as a result of the Data Incident, up to a maximum reimbursement of $4,000. Examples of losses or expenses that can be reimbursed include, but are not limited to, money spent for credit monitoring services, to hire professional services to remedy identity theft, to freeze your credit, or to remedy a falsified tax return or inaccurate entries on your credit report. To obtain reimbursement, you must provide a brief description of what the losses or expenses were for, and provide supporting third-party documentation, such as receipts, bank statements, or reports.

**Did you suffer any financial expenses or losses that you believe were incurred as a result of the Data Incident?** (select one)

Yes          No

*If you selected no*, please proceed to the end of this claim form to provide a date and signature.

*If you selected yes*, for each loss or expense that you believe you incurred as a result of the Data Incident, please provide a short description of the loss, the date of the loss, and the type of documentation you will be submitting to support the loss. You must provide ALL of this information for this Claim to be processed. **Supporting documents must also be submitted with this Claim Form**. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. Please provide only copies of your supporting documents and keep all originals for your personal files.



XXXXX                                    CF                                    Page 2 of 4

Unique ID: XXXXXXXXXXXXX

| Description of the Loss | Date of Loss | Amount | Description of Supporting Documentation |
|---|---|---|---|
| **Example:** Identity Theft Protection Service | 0 6 – 1 7 – 2 2 <br> MM  DD  YY | $ \| \| 5 0 • 0 0 | Copy of identity theft protection service bill |
| **Example:** Fees paid to a professional to remedy a falsified tax return | 0 2 – 3 0 – 2 3 <br> MM  DD  YY | $ \| 3 0 0 • 0 0 | Copy of the professional services bill |
| | MM  DD  YY | $ • | |
| | MM  DD  YY | $ • | |
| | MM  DD  YY | $ • | |
| | MM  DD  YY | $ • | |
| | MM  DD  YY | $ • | |
| | MM  DD  YY | $ • | |
| | MM  DD  YY | $ • | |
| | MM  DD  YY | $ • | |

### FORM OF PAYMENT

By mailing this form to the Settlement Administrator, you will receive payment for your losses under this Settlement in the form of a check. If you wish to receive an electronic payment, you must submit your Claim Form online at ChoiceHealthDataSettlement.com.

### CLASS MEMBER AFFIRMATION

By submitting this Claim Form and signing my name below, I declare that I received notification from Choice Health Insurance, LLC or the Settlement Administrator that I am a potential Class Member. I declare under penalty of perjury that any losses or expenses identified above were suffered by me on or after May 7, 2022, and that the information I provided is true and accurate to the best of my knowledge.

*XXXXX*                    *CF*

XXXXX                       CF                           Page 3 of 4

*XXXXXXXXXXXXX*

DocuSign Envelope ID: 840ECE56-5E70-409F-946E-7E20E3F98E24
6-22CV03940-JD    Date Filed 09/18/23    Entry Number 26-1    Page 41 of 68

Unique ID: XXXXXXXXXXXXX

Signature: [                                    ]     Date: [  |  ] – [  |  ] – [  |  ]
                                                          MM        DD       YY

**TO BE VALID, THIS CLAIM FORM MUST BE POSTMARKED OR SUBMITTED ONLINE AT
ChoiceHealthDataSettlement.com NO LATER THAN <<CLAIM DEADLINE>>.**

# Exhibit B

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF SOUTH CAROLINA

*Boykin v. Choice Health Insurance, LLC*
**Case No. 4:22-cv-03940-JD**

**If You Are Receiving this Notice a Class Action Settlement May Affect Your Rights.**

*The United States District Court for the District of South Carolina
authorized this Notice. You are not being sued.
This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit concerning Choice Health Insurance, LLC ("Defendant" or "Choice Health") and a data incident (the "Data Incident") that occurred in May 2022, when one or more unauthorized individuals accessed information on a database belonging to Choice Health, including names, Social Security numbers, Medicare beneficiary identification numbers, dates of birth, addresses, contact information, and health insurance information ("Private Information").

- The lawsuit is called *Boykin v. Choice Health Insurance, LLC*, Case No. 4:22-cv-03940-JD (D.S.C.). The lawsuit asserts claims related to the Data Incident. The Defendant in the lawsuit is Choice Health Insurance, LLC. Choice Health denies it is or can be held liable for the claims made in the lawsuit. The Settlement does not establish who is correct, but rather is a compromise to end the lawsuit.

- Members of the Class are all individuals to whom Choice Health sent notice of the Data Incident that occurred in May 2022. The Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this settlement (including any members of the Court's staff assigned to this case); (iii) Defendant's officers and directors, and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

- Class Members are eligible to receive the following relief: (1) up to $4,000 in reimbursement for Out-of-Pocket Losses consisting of actual documented losses or expenses resulting from the Data Incident, and (2) a $75 cash payment that will be *pro rata* reduced or increased based on the money remaining in the Settlement Fund after the payment of attorneys' fees and expenses, Settlement Administration expenses, Class Representative Service Award, and valid claims for Out-of-Pocket Losses. Valid Claims for Out-of-Pocket Losses and *pro rata* cash payments may be combined. The Settlement Administrator will post additional information about the payment amount on www.ChoiceHealthDataSettlement.com. For complete details, please see the Settlement Agreement, whose terms control, available at www.ChoiceHealthDataSettlement.com.

- Your legal rights are affected regardless of whether you act or do not act. Please read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way you may receive benefits from this Settlement. The deadline to submit a Claim Form is <<**Date**>>. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will receive no payment, but you will retain any rights you currently have with respect to Defendant and the issues in this case. You may download an exclusion form at www.ChoiceHealthDataSettlement.com. The deadline to exclude from the Settlement is <<**Date**>>. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court explaining why you do not agree with the Settlement. The deadline to object is <<**Date**>>. |
| **ATTEND THE FINAL APPROVAL HEARING** | You may ask the Court for permission for you or your attorney to speak about your objection at the Final Approval Hearing. The Final Approval Hearing will be held on <<**Date**>> at <<**Time**>>. |
| **DO NOTHING** | You get no payment and you give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice. For complete details, please see the Settlement Agreement, whose terms control, available at www.ChoiceHealthDataSettlement.com.

- The Court in charge of this case still has to decide whether to approve the Settlement. No Settlement benefits or payments will be provided unless the Court approves the Settlement and it becomes Final.

### BASIC INFORMATION

### 1.    What is this Notice and why should I read it?

The Court authorized this Notice to inform you about a proposed Settlement with Defendant. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

Judge Joseph Dawson, III of the United States District Court for the District of South Carolina is overseeing this class action. The case is called *Boykin v. Choice Health Insurance, LLC,* Case No. 4:22-CV-03940 (D.S.C.) (the "Action").

Jennifer Boykin is the Plaintiff.  The company she sued, Choice Health Insurance, LLC, is the Defendant.

## 2.    What is a class action lawsuit?

A class action is a lawsuit in which one or more plaintiffs—in this case, Jennifer Boykin, sues on behalf of a group of people who have similar claims.  Together, this group is called a "Class" and consists of "Class Members." In a class action, the court resolves the issues for all class members, except those who exclude themselves from the class. After the Parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement and recognized it as a case that should be treated as a class action for settlement purposes.

### The Claims in the Lawsuit and the Settlement

## 3.    What is this lawsuit about?

The Plaintiff claims that Defendant failed to implement and maintain reasonable security measures necessary to protect Private Information that it maintained on its database.

Defendant denies that it is or can be held liable for the claims made in the lawsuit. More information about the allegations in the lawsuit and Defendant's responses can be found in the "Court Documents" section of the Settlement Website at www.ChoiceHealthDataSettlement.com.

## 4.    Why is there a Settlement?

The Court has not decided whether the Plaintiff or Defendant should win this case. Instead, both sides agreed to this Settlement. That way, they can avoid the uncertainty, risks, and expense of ongoing litigation, and Class Members will get compensation now rather than years later—if ever. The Class Representative and Class Counsel, attorneys for the Class Members, agree the Settlement is in the best interests of the Class Members. The Settlement is not an admission of wrongdoing by Defendant.

### Who's Included In The Settlement?

## 5.    How do I know if I am in the Settlement Class?

You are part of the Settlement as a Class Member if Choice Health sent you a notice indicating that your Private Information may have been compromised in the Data Incident, which occurred in May 2022 but was not publicly announced until October 2022. The Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this settlement (including any members of the Court's staff assigned to this case); (iii) Defendant's officers and directors, and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge. Eligible Class Members will have been mailed notice of their eligibility by the Settlement Administrator, and Class membership will be verified against that mailed list. If you are still not sure whether you are included, you can contact the Settlement Administrator by calling toll-free at <<**Settlement Toll-Free Number**>> or by visiting the Settlement Website at www.ChoiceHealthDataSettlement.com.

## THE SETTLEMENT BENEFITS

| | |
|---|---|
| **6.** | **What does the Settlement provide?** |

This Settlement provides eligible Class Members with (1) up to $4,000 in reimbursement for Out-of-Pocket Losses consisting of actual documented out-of-pocket losses or expenses that are fairly traceable to the Data Incident, and (2) a cash payment of approximately $75 that will be *pro rata* increased or reduced based on the money remaining in the Settlement Fund after the payment of attorneys' fees and costs, Settlement Administration costs, Class Representative Service Award, and valid claims for Out-of-Pocket Losses. Valid Claims for Out-of-Pocket Losses and pro rata cash payments may be combined.

**6.A.** Who May Recover for Out-of-Pocket Losses and for How Much?

o   If you are a Class Member and you incurred documented out of pocket losses fairly traceable to the Data Incident and/or documented unreimbursed expenses incurred after May 7, 2022 that are related to the Data Incident, you may be eligible to receive reimbursement of your losses and expenses up to a total of $4,000 per Class Member. Eligible losses or expenses include, without limitation: (1) unreimbursed costs, expenses, losses or charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of a Settlement Class Member's Social Security number; (2) unreimbursed costs incurred on or after May 7, 2022 associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (3) other unreimbursed miscellaneous expenses incurred related to any Out-of-Pocket Expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges; (4) other mitigative costs fairly traceable to the Data Incident that were incurred on or after May 7, 2022 through the date of the Settlement Class Member's claim submission; and (5) unpaid time off work to address issues fairly traceable to the Data Incident at the actual hourly rate of that Settlement Class Member.

o   Settlement Class Members who elect to submit a claim for reimbursement of Out-of-Pocket Losses must provide to the Claims Administrator information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) documentation reasonably supporting their claim; and (3) a brief description of the nature of the loss, if the nature of the loss is not apparent from the documentation alone. Documentation supporting Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member concerning the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to clarify or support other submitted documentation. For complete details, please see the Settlement Agreement, whose terms control, available at www.ChoiceHealthDataSettlement.com. The Settlement Administrator will post additional information about the payment amount on www.ChoiceHealthDataSettlement.com, if necessary.

**6.B.** Who May Receive a separate *Pro Rata* Cash Payment and for How Much?

All Class Members may make a Claim to receive a cash payment of approximately $75 that will be adjusted up or down to account for the money remaining in the Settlement Fund after the payment of attorneys' fees and costs, Settlement Administration costs, Class Representative Service Award, and valid claims for Out-of-Pocket Losses. Class Members do not need to suffer Out-of-Pocket Losses for eligibility to file a claim for a *pro rata* cash payment.

**Maximum Settlement Contribution:** Under this Settlement, the maximum total amount Defendant may be required to pay is $500,000.00. This maximum includes reimbursements for Out-of-Pocket Losses up to $4,000 and *pro rata* cash payments of approximately $75, attorneys' fees, costs, and expenses awarded by the Court to Class Counsel, any awarded class representative service awards, and notice and administrative costs for the Settlement. In no event shall Defendant's total financial obligation under the Settlement exceed $500,000.00.

### HOW TO GET BENEFITS

### 7. How do I make a Claim?

By submitting a valid claim form by on or before the claim deadline of [Month/Date/Year]. If you received the October 2022 data security incident notification letter, you can make a claim by filling out and submitting the claim form available at www.ChoiceHealthDataSettlement.com.

You can also contact the Settlement Administrator to request a paper claim form by telephone (1-800-XXX-XXXX), email (info@ www.ChoiceHealthDataSettlement.com), or U.S. mail (Analytics Consulting, LLC, Choice Health Data Settlement, (address, city) , MN (Zip)).

Claims will be subject to a verification process. You will need the Unique ID provided on the front of your postcard Notice (or the top of your email notice) to fill out a Claim Form. If you do not know your Unique ID, please contact the Settlement Administrator.

### 8. When will I get my payment?

The hearing to consider the fairness of the Settlement is scheduled for <<DATE>>., <<TIME>>. If the Court approves the Settlement, eligible Settlement Class Members whose Claims were approved by the Settlement Administrator will be sent payment after all appeals and other reviews, if any, are completed. Please be patient. Eligible claims will be paid to Class Members via written check unless a Class Member chooses to receive payment electronically. All checks will expire and become void 180 days after they are issued.

## THE LAWYERS REPRESENTING YOU

### 9. Do I have a lawyer in this case?

Yes, the Court has appointed Philip J. Krzeski and Bryan L. Bleichner of Chestnut Cambronne PA; Terence R. Coates, Dylan J. Gould, and Jonathan T. Deters, of Markovits, Stock & DeMarco, LLC; Joseph M. Lyon of The Lyon Law Firm; and Glen Ohanesian of Ohanesian Law Offices as "Class Counsel."

**Should I get my own lawyer?**

You don't need to hire your own lawyer because Class Counsel are working on your behalf. These lawyers and their firms are experienced in handling similar cases. You will not be charged for these lawyers. You can ask your own lawyer to appear in Court for you, at your own cost, if you want someone other than Class Counsel to represent you.

## 10.    How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees, costs, and expenses that will be paid from the Settlement Fund. Class Counsel will not seek more than $166,666.67 in attorneys' fees and $20,000 in litigation costs and expenses. Class Counsel will also request a Service Award of up to $3,000 for the Class Representative. The Court will determine the proper amount of any attorneys' fees, costs, and expenses to award Class Counsel and the proper amount of any service award to the Class Representative. The Court may award less than the amounts requested.

### YOUR RIGHTS AND OPTIONS

## 11.    What claims do I give up by participating in this Settlement?

If you do not exclude yourself from the Settlement, you will not be able to sue the Defendant about the issues in this case, and you will be bound by all decisions made by the Court in this case, the Settlement, and its included Release. This is true regardless of whether you submit a Claim Form. You can read the Settlement Agreement at www.ChoiceHealthDataSettlement.com. However, you may exclude yourself from the Settlement (see Question 14). If you exclude yourself from the Settlement, you will not be bound by any of the Released Claims.

"Released Claims" means any and all past, present, and future claims and causes of action related to the Data Incident, including but not limited to, any causes of action arising under or premised upon any statute, constitution, law, ordinance, treaty, regulation, or common law of any country, state, province, county, city, or municipality, including 15 U.S.C. § 45, et seq., and all similar statutes in effect in any states in the United States as defined below; state consumer-protection statutes; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; fraud; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; and including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief or judgment, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, and/or the appointment of a receiver, whether known or unknown, liquidated or unliquidated, accrued or unaccrued, fixed or contingent, direct or derivative, and any other form of legal or equitable relief that either has been asserted, was asserted, or could have been asserted, by any Class Member against any of the Released Persons based on, relating to, concerning or arising out of the alleged Data Incident or the allegations, transactions, occurrences, facts, or circumstances alleged in or otherwise described in the Litigation.

The Settlement Agreement in Subsection 1.26, 1.28, 6.1, and 9.3 describe the Release, Released Claims, and untimely Valid Claims in necessary legal terminology, so please read these sections carefully. The Settlement Agreement is available at www.ChoiceHealthDataSettlement.com or in the public court records on file in this lawsuit.

The Released Claims do not include any claims arising from or relating to any conduct by Defendant after the date the Agreement is executed. The Released Claims shall also not include the right of Plaintiff, any Class Member, or any Releasing Party to enforce the terms of the Settlement Agreement.

## 12.    What happens if I do nothing at all?

If you do nothing, you will receive no payment under the Settlement for any losses incurred as a result of the Data Incident. You will be in the Class, and if the Court approves the Settlement, you will also be bound by all orders and judgments of the Court, the Settlement, and its included Release. You will be deemed to have participated in the Settlement and will be subject to the provisions of Section 11 above.  Unless you exclude yourself, you won't be able to file a lawsuit or be part of any other lawsuit against Defendant for the claims or legal issues resolved in this Settlement.

## 13.    What happens if I ask to be excluded?

If you opt-out of the Settlement, you will not have any rights as a member of the Class under the Settlement terms; you will not receive any payment as part of the Settlement; you will not be bound by any further orders or judgments in this case; and you will keep the right, if any, to sue on the claims alleged in this lawsuit at your own expense.

## 14.    How do I ask to be excluded?

You can ask to be excluded from the Settlement. To do so, you must mail a letter or exclusion form stating: (1) the name of the proceeding, *Boykin v. Choice Health Insurance, LLC*, Case No. 4:22-cv-03940-JD (D.S.C.); (2) your full name; (3) your current address; (4) your personal signature; and (5) a clear statement of your intent to opt-out of or exclude yourself from the settlement. You must mail your exclusion request, postmarked no later than <<**ExclusionDeadline**>>, to the following address:

*Choice Health Data Settlement*
c/o Analytics Consulting, LLC

You cannot exclude yourself by phone or email. Each individual who wants to be excluded from the Settlement must submit his or her own exclusion request. No group opt-outs shall be permitted.

## 15.  If I don't exclude myself, can I sue Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Defendant for the claims being resolved by this Settlement even if you do nothing.

## 16.  If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for a payment.

## 17.  How do I object to the Settlement?

If you did not exclude yourself from the Class and think that the Court should not approve the settlement, you can object to the Settlement and provide reasons why you think the settlement should not be approved. Such notice must state: (i) your full name and address; (ii) the case name and docket number, *Boykin v. Choice Health Insurance, LLC*, Case No. 4:22-cv-03940-JD (D.S.C.); (iii) information identifying yourself as a Class Member, including proof that you are a member of the Class (e.g., copy of your settlement notice, copy of original notice of the Data Incident, or a statement explaining why you believe you are a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection that you believe is applicable; (v) the identity of any and all counsel representing you in connection with your objection; (vi) a statement whether you and/or your counsel will appear at the Final Fairness Hearing; and (vii) your signature or the signature of your duly authorized attorney or other duly authorized representative (if any) representing you in connection with the objection.

To be timely, written notice of an objection in the appropriate form must be mailed, with a postmark date no later than <<Objection Date>>, to the Settlement Administrator, Analytics Consulting, LLC, at <<Address>>. You or your counsel shall also file any Objection with the Court through the Court's ECF system or by submitting your objection to the Clerk of Court, which is located at <<Address>>.

For all objections mailed to the Settlement Administrator, Class Counsel will file them with the Court with the Motion for Final Approval of the Settlement, unless the Objection(s) were previously filed on the docket.

## 18.  What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FAIRNESS HEARING**

| | |
|---|---|
| **19.** | **When and where will the Court hold a hearing on the fairness of the Settlement?** |

The Court will hold the Final Approval Hearing on <<**FinalApprovalHearingDateandTime**>> at the <<**CourtAddress**>>. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees, costs, and expenses and the Service Award Payment to the Class Representative.

**Note**: The date and time of the Final Approval Hearing are subject to change by Court Order. Any changes will be posted at the Settlement Website, www.ChoiceHealthDataSettlement.com, or through the Court's publicly available docket. You should check the Settlement Website to confirm the date and time have not been changed.

| | |
|---|---|
| **20.** | **Do I have to come to the hearing?** |

No. Class Counsel will answer any questions the Court may have, but you are welcome to attend the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay a lawyer to attend on your behalf at your own expense, but you don't have to.

| | |
|---|---|
| **21.** | **May I speak at the Hearing?** |

Yes. If you do not exclude yourself from the Class, you may ask the Court for permission to speak at the Final Approval Hearing concerning any part of the proposed Settlement.

**GETTING MORE INFORMATION**

| | |
|---|---|
| **22.** | **Where can I get additional information?** |

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement, which is available at www.ChoiceHealthDataSettlement.com.

YOU MAY CONTACT THE SETTLEMENT ADMINISTRATOR ONLINE AT www.ChoiceHealthDataSettlement.com, BY CALLING TOLL-FREE AT, <<**SETTLEMENTTOLLFREENUMBER**>>, BY EMAIL AT info@choicehealthdatasettlement.com, OR WRITING TO:

*Choice Health Data Settlement*
c/o Analytics Consulting, LLC

**PLEASE DO NOT CALL THE COURT, THE CLERK OF THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR CLAIMS PROCESS.**

# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Jennifer Boykin, *on behalf of herself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> Choice Health Insurance LLC, <br><br> Defendant. | **JUDGE JOSEPH DAWSON III** <br><br> **CASE NO. 4:22-cv-03940-JD** |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE PLAN**

This matter comes before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice Plan ("Motion"). The Court has reviewed the Motion and the Class Action Settlement Agreement and Release ("Agreement") entered into by Plaintiff and Defendant Choice Health Insurance, LLC ("Defendant"), and it finds that the Motion should be **GRANTED**.[1]

1.    The Court does hereby preliminarily and conditionally approve, for settlement purposes, the following Class:

---

[1] Unless otherwise stated, all capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

1

All individuals to whom Choice Health sent notice of the Data Incident that occurred in May 2022. The Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this settlement (including any members of the Court's staff assigned to this case); (iii) Defendant's officers and directors, and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

2.      The Settlement provides a non-reversionary $500,000.00 Settlement Fund from which, after the reduction of payments for Settlement Administration costs and expenses, Class Counsel's attorneys' fees and expenses, and any Class Representative Service Award, the following Settlement benefits will be paid from the Settlement Fund to Class Members who submit valid and timely Claim Forms:

   a.   Compensation for documented out-of-pocket losses or expenses that are fairly traceable to the Data Incident, up to $4,000;

   b.   Monetary payments of approximately $75 to all individuals submitting a Valid Claim, the exact amount of which shall be increased or decreased pro rata to extinguish the funds remaining in the Settlement Fund after the payment of all approved fees, expenses, service awards, and claims for out-of-pocket losses or expenses.

3.      Based upon information provided: the Class is ascertainable; it numbers approximately 68,000 individuals, satisfying numerosity; there are common questions of law and fact, including whether Defendant's data security incident (the "Data Security Incident") potentially compromised Plaintiff's and Class Members' Private Information, satisfying commonality; the proposed Class Representative's claims are typical, in that she is a member of the Class and alleges that she received notice from Defendant that her Private Information was potentially compromised in Defendant's Data Security Incident,

thereby alleging she has been damaged by the same conduct as other Class Members; the proposed Class Representative and Class Counsel will fully, fairly and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a nationwide class for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

4.      The Court appoints Jennifer Boykin as the Class Representative of the Class.

5.      The Court appoints as Class Counsel Philip J. Krzeski and Bryan L. Bleichner of Chestnut Cambronne PA; Terence R. Coates, Dylan J. Gould, and Jonathan T. Deters, of Markovits, Stock, & DeMarco, LLC; Joseph M. Lyon of The Lyon Law Firm; and Glen Ohanesian of Ohanesian Law Offices.

6.      The Court appoints Analytics Consulting, LLC as Settlement Administrator.

7.      The Court does hereby preliminarily approve the Settlement, including the notices and releases contained therein as being fair, reasonable, and adequate as to the Class Members, subject to further consideration at the Fairness Hearing described below.

8.      A Final Approval Hearing shall be held before the Court on _____, 2024 at _____ am/pm for the following purposes:

   a. To determine whether the proposed Settlement on the terms and conditions provided for by the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court;

   b. To determine whether a Final Approval Order, as defined in the Agreement, should be entered;

   c. To determine whether the claims process under the Settlement is fair and reasonable, and it should be approved by the Court;

d. To determine whether Plaintiff's application for Attorneys' Fees and Expenses, and requested Service Awards for the Class Representative, should be approved; and

e. To rule upon such other matters as the Court may deem appropriate.

9.    Plaintiff's Motion for Final Approval shall be filed at least thirty (30) days before the Final Approval Hearing.

10.    The Court approves, as to the form and content, the Short Form Postcard and Email Settlement Notices, Long Form Notice, and Claim Form, and finds that the mailing, distribution, and publishing of the various notices in the form and manner set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

11.    The Complaint was commenced after February 18, 2005. The Court directs Defendant to timely notify, through the Settlement Administrator, the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (to the extent this has not already been done). Counsel for Defendant or the Settlement Administrator shall, at or before the Final Approval Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

12.    The Claim Form submitted by each Class Member must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph.

13.    As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Agreement.

14.    All Class Members shall be bound by all determinations and judgments in the class action concerning the Settlement, including, but not limited to, the releases provided for in the Agreement, whether favorable or unfavorable, except those who timely and validly requested exclusion from the Class and have not opted back in. The persons and entities who timely and validly requested exclusion from the Class will be excluded from the Class and shall not have rights under the Agreement, shall not be entitled to submit any Claim Forms, and shall not be bound by the Agreement or the Final Approval Order as to Defendant in the Class Action.

15.    Pending final determination of whether the Agreement should be approved, Class Counsel, Plaintiff, and Class Members are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against Defendant.

16.    Any Class Member may enter an appearance, individually or, at their own expense, through counsel of their choice, in which case counsel must file with the Clerk of Court and deliver to Class Counsel and counsel for Defendant a notice of such appearance no later than forty (46) days after the Notice Date. If they do not enter an appearance, they will be represented by Class Counsel.

17.    Any Class Member may appear and show cause, if that Class Member has any reason why the proposed Settlement should not be approved as fair, reasonable, and adequate, or why Class Counsel's application for an award of attorneys' fees and for

reimbursement of expenses should not be granted; provided, however, that no person shall be heard or entitled to contest such matters unless that person has delivered by hand or sent by first class mail sufficient written objections and copies of all papers and briefs any such person wishes to submit in support of any such objection delivered or post-marked no later than forty-six (46) days following the Notice Date to the following:

McMillan Federal Building
401 West Evans St.
Florence, South Carolina 29501

18.     Objections may also be filed using the Court's ECF filing system, so long as such objections are filed within forty-six (46) days of the Notice Date.

19.     Any written objection shall include: (i) the objector's full name and address; (ii) the case name and docket number, *Boykin v. Choice Health Insurance, LLC*, No. 4:22-cv-03940-JD (D.S.C.); (iii) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes they are a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or their counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

20.     Any person who does not make an objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Agreement, unless otherwise ordered by the Court. Any papers in response to any such objections or in further support of the above-named motions shall be filed no later than fourteen (14) days before the Final Approval Hearing.

21.     Class Members may also exclude themselves from this action by mailing a written notice of such intent to the designated Post Office box established by the Settlement Administrator (which shall be identified in the settlement notices). To be effective, the written notice must be timely, signed, and clearly manifest the Person's intent to opt-out of the Class. Such notices of a Class Member's intent to opt-out of the settlement must be postmarked no later than forty-six (46) days after the Notice Date.

22.     This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order, the Agreement, and the Settlement, shall not constitute evidence, or an admission by Defendant that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any liability on the part of Defendant. This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions and proceedings in connection with this Order, the Agreement and the Settlement shall not be offered or received in evidence or used for any purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind of

character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement.

23.    In addition to the deadlines imposed above, the Settlement Administrator and Parties shall abide by the following timeline:

| **From Date this Order is Entered** | |
|---|---|
| Defendant provides list of Class Members to the Settlement Administrator | +14 days |
| Long and Short Notices Posted on the Settlement Website | +14 days |
| Defendant pays cost of Notice Program and Claims Administration from the Settlement Fund | +15 days |
| Notice Date | +30 days |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | +60 days |
| Objection & Exclusion Date | +76 days |
| Claims Deadline | +90 |
| Settlement Administrator Provide List of Objections/Opt-Outs to the Parties' counsel | +97 days |

24.    The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Plaintiff and Defendant, if appropriate, without further notice to the Class.

**IT IS ORDERED:**

Date: _____

_____
**THE HONORABLE JOSEPH DAWSON III UNITED STATES DISTRICT COURT JUDGE FOR THE DISTRICT OF SOUTH CAROLINA**

# Exhibit D

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, STATE ZIP
PERMIT NO. XXXX

<<Barcode>>

Class Member ID: <<Refnum>>

<<FirstName>> <<LastName>>
<<BusinessName>>
<<Address>>
<<Address2>>
<<City>>, <<ST>> <<Zip>>-<<zip4>>

Boykin v. Choice Health
Insurance, LLC
c/o Settlement Administrator
P.O. Box XXXX
City, State Zip

## NOTICE OF CLASS ACTION
### SETTLEMENT

You may be entitled to submit a claim
for monetary compensation under a
class action settlement.

**www.ChoiceHealthDataSettlement.com**

## WHO IS A CLASS MEMBER?

In the lawsuit *Boykin v. Choice Health Insurance, LLC*, Case No. 4:22-cv-03940-JD (D.S.C.) you are a class member if you received notice that your personal information was potentially compromised as a result of the data security incident that Choice Health experienced in May 2022 (the "Data Incident").

## WHAT ARE THE SETTLEMENT BENEFITS AND TERMS?

Under the Settlement, Choice Health has agreed to pay $500,000.00 into a Settlement Fund which will be distributed to Class Members who submit Valid Claims. Class Members who believe they suffered out-of-pocket losses or expenses as a result of the Data Incident may claim up to $4,000 for the reimbursement of sufficiently documented losses or expenses. All Class Members may also submit claims to receive additional cash payments of approximately $75, which will be *pro rata* adjusted up or down based on the balance of the Settlement Fund after payments for valid out-of-pocket loss or expense claims, settlement administration expenses, attorneys' fees and expenses, and any class representative service award. More information about the types of Claims and how to file them is available at www.ChoiceHealthDataSettlement.com.

## WHAT ARE YOUR RIGHTS AND OPTIONS?

**Submit a Claim Form.** To qualify for a cash payment, you must timely mail a Claim Form that is attached to this notice or complete and submit a Claim Form online at www.ChoiceHealthDataSettlement.com. Your Claim Form must be postmarked or submitted online no later than _____, **2024**. Analytics Consulting, LLC is the Settlement Administrator.

**Opt Out.** You may exclude yourself from the Settlement and retain your ability to sue Choice Health on your own by mailing a written request for exclusion to the Settlement Administrator that is postmarked no later than _____, **2024**. If you don't exclude yourself, you will be bound by the Settlement and give up your right to sue regarding the released claims.

**Objecting.** If you do not exclude yourself, you have the right to object to the Settlement. Written objections must be signed, postmarked no later than _____, **2024**, and provide the reasons for the objection. If you intend to file an objection, please review the full requirements for filing an objection located at www.ChoiceHealthDataSettlement.com.

**Do Nothing.** If you do nothing, you will not receive a Settlement payment and will lose the right to sue regarding the released claims.

**Attend the Final Approval Hearing.** The Court will hold a Final Approval Hearing at _____ **m. on _____, 2024** to determine if the Settlement is fair, reasonable, and adequate. All persons who timely object to the Settlement may appear at the Final Approval Hearing.

## Who are the attorneys for the Plaintiff and the proposed Class?

The Court has appointed Philip J. Krzeski and Bryan L. Bleichner of Chestnut Cambronne PA; Terence R. Coates, Dylan J. Gould, and Jonathan T. Deters of Markovits, Stock, & DeMarco, LLC; Joseph M. Lyon of The Lyon Law Firm; and Glen Ohanesian of Ohanesian Law Offices to represent the Class.

## Do I have any obligation to pay attorneys' fees or expenses?

Attorneys' fees and expenses will be paid exclusively from the Settlement Fund as awarded and approved by the Court. Class Counsel will request Attorneys' fees in an amount not exceeding $166,666.67, and litigation expenses in an amount not exceeding $20,000. The motion for attorneys' fees and expenses will be posted on the Settlement Website once it is filed.

## How much are the Class Representative Service Awards?

The Class Representative will seek a Service Award in the amount of $3,000 for her efforts in this case.

## Who is the Judge overseeing this Settlement?

Judge Joseph Joseph Dawson II of the United States District Court for the District of South Carolina.

## Where may I locate a copy of the settlement agreement, learn more about the case, or learn more about submitting a Claim?

www.ChoiceHealthDataSettlement.com.

*** Please note that if you wish to submit a claim for compensation for out-of-pocket losses on the attached Claim Form, you will likely need to submit your claim online so that you can attach all information necessary to support your request for payment. If you wish to receive just a *pro rata* cash payment, the attached tear off claim form will suffice. A longer version of the Claim Form may be accessed on the Settlement Website.

**This Notice is a summary of the proposed Settlement.**

Postage
Required

Boykin v. Choice Health
Insurance, LLC
c/o Settlement Administrator
P.O. Box XXXX
City, State Zip

<<B a r c o d e>> Class Member ID:
<<Refnum>>

## CLAIM FORM

**Claims must be postmarked or submitted online no later than _____, 2024.**

NAME: _____

ADDRESS: _____

### Monetary Compensation

1. **Pro Rata Cash Payment:** Would you like to receive a cash payment under the Settlement? (circle one)   Yes   No

   *If you are a Settlement Class Member, you may receive a cash payment of approximately $75, which will be increased or decreased pro rata from money remaining in the Settlement Fund after all claims are submitted. You do not need to suffer out of pocket losses or expenses to select this option.*

2. **Verified Out of Pocket Losses or Expenses:** I would like to submit a claim for out-of-pocket monetary losses in the amount of $_____ (not more than $4,000.00) due to out-of-pocket expenses and/losses I incurred as a result of the Data Incident. I understand that I am required to provide supporting third-party documentation to support my claim for out-of-pocket losses or expenses, such as providing copies of any receipts, bank statements, reports, or other documentation supporting my claim. I understand that "self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. I understand the Settlement Administrator may contact me for additional information before processing my claim. I understand that if I lack information and documentation supporting my claim for out-of-pocket losses or expenses, I will likely not receive compensation for this settlement benefit. I understand any monetary compensation I may receive under the settlement for expense or loss reimbursement is capped at $4,000.00.

**By signing my name below, I swear and affirm that the information included on this Claim Form is true and accurate, and that I am completing this claim form to the best of my personal knowledge.**

_____ **(signature)**

DocuSign Envelope ID: 840ECE56-5E70-409F-946E-7E20E3F98E24

**To:** [Class Member email address]
**From:** Choice Health Insurance Settlement Administrator
**Subject:** Notice of Class Action Settlement in Boykin v. Choice Health Insurance, LLC

**Your Unique ID: <<RefNum>>**

*Boykin v. Choice Health Insurance, LLC*, Case No. 4:22-cv-03940-JD (D.S.C.)

## A United States District Court Authorized this Notice

If you were notified in October 2022 of a data security incident involving Choice Health Insurance, LLC that took place in May 2022, you may be entitled to cash benefits from a class action settlement.

**IMPORTANT MESSAGE FROM THE COURT**: A Settlement has been reached in a class action lawsuit concerning Choice Health Insurance, LLC and a data incident (the "Data Incident") that occurred in May 2022, when one or more unauthorized individuals accessed information stored on a database belonging to Choice Health, including names, Social Security numbers, Medicare beneficiary identification numbers, dates of birth, addresses, contact information, and health insurance information.

**Who is Included?** All individuals to whom Choice Health sent notice of the Data Incident that occurred in May 2022. The Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this settlement (including any members of the Court's staff assigned to this case); (iii) Defendant's officers and directors, and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads nolo contendere to any such charge.

**What does the Settlement Provide?** Choice Health has agreed to establish a $500,000 Settlement Fund to settle claims related to the Data Incident. From this Settlement Fund, Class Members are eligible to receive (1) a *pro rata* cash payment of approximately $75, and (2) up to $4,000 in reimbursement for Out-of-Pocket Losses consisting of actual documented losses or expenses that resulted from the Data Incident. For complete details, please see the Settlement Agreement, whose terms control, available at www.ChoiceHealthDataSettlement.com. The Settlement Administrator will post additional information about the payment amount on www.ChoiceHealthDataSettlement.com, if necessary.

**How To Get Benefits:** You must submit a Claim Form, available at www.ChoiceHealthDataSettlement.com. You will need the Unique ID number found at the top of this email to submit a Claim Form. The Claim Form must be postmarked or submitted electronically at www.ChoiceHealthDataSettlement.com on or before <<ClaimDeadline Date and Time>>. Claims will be subject to a verification process and will be denied if they do not meet the verification requirements.

**Your Other Options.** If you file a Claim Form, object to the Settlement, or do nothing, you will

stay in the Class and be bound by its terms, including its Release. You will be legally bound by all orders of the Court and you will not be able to start, continue or be part of any other lawsuit against Choice Health or related parties arising out of the Data Incident. If you do not want to be legally bound by the Settlement or receive any benefits from it, you must exclude yourself by **<<ExclusionDeadline>>**. If you do not exclude yourself, you may object to the Settlement by **<<ExclusionDeadline>>**. Please see the Settlement Agreement for full details.

**The Final Approval Hearing.** The Court has scheduled a hearing for <<FinalApprovalDate>>, to decide whether to approve the Settlement; attorneys' fees, costs, and expenses; service awards; and any objections. If you object to the settlement, you or your attorney may request permission from the Court to speak about your objection at the hearing.

**More Information.** More information about your rights and options can be found in the Long-Form Notice and Settlement Agreement available at **www.ChoiceHealthDataSettlement.com** or by calling toll-free **<<SettlementTollFreeNumber>>**.